LAURIE A. TRAKTMAN (SBN 165588)
**GILBERT & SACKMAN**
A Law Corporation
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010-2732
(323) 938-3000; Fax: (323) 937-9139
email: lat@gslaw.org

Attorneys for Plaintiffs

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' PENSION PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' HEALTH PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; BOARD OF TRUSTEES OF THE TRI-COUNTIES SHEET METAL AIR CONDITIONING CONTRACTORS ASSOCIATION INDUSTRY FUND; BOARD OF TRUSTEES OF THE TRI-COUNTIES SHEET METAL AND AIR CONDITIONING INDUSTRY JOINT APPRENTICESHIP COMMITTEE; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 273 DUES CHECK OFF FUND; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 273 SECTION 401(a) PLAN; and BOARD OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 273 WAGE EQUALITY FUND, <br><br>Plaintiffs, <br><br>v. <br><br>JCR SHEET METAL CO., INC., and GILLES ANDRE RENAUD, an individual, <br><br>Defendants. | Case No. Case No. CV-09-0502 CAS (JWJx) <br><br>ORDER ON STIPULATION FOR JUDGMENT |

Pursuant to the Stipulation between Plaintiffs, Board of Trustees of the Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada ("Pension Plan"); Board of Trustees of the Sheet Metal Workers' Health Plan of Southern California, Arizona and Nevada ("Health Plan"); Board of Trustees of the Tri-Counties Sheet Metal Air Conditioning Contractors Association Industry Fund ("Industry Fund"); Board of Trustees of the Tri-Counties Sheet Metal and Air Conditioning Industry Joint Apprenticeship Committee ("JAC"); Board of Trustees of the Sheet Metal Workers Local 273 Dues Check off Fund ("Dues Fund"); Board of Trustees of the Sheet Metal Workers Local 273 Section 401(a) Plan ("401(a) Plan"); and Board of Trustees of the Sheet Metal Workers Local 273 Wage Equality Fund ("Wage Equality Fund") (collectively the "Plans" or "Trust Funds"), and defendants JCR Sheet Metal Co., Inc. and Gilles Andre Renaud, (collectively "Defendants"), the Court has considered the matter fully and concluded that good cause exists to approve the parties' Stipulation in its entirety.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Company and the Individual Defendant are indebted to the Plans in the total amount of $42,784.66 broken down as follows: for contributions for the work months of January 2008 ($4,352.58); February 2008 ($6,827.75); March 2008 ($5,466.37); September 2008 ($4,843.37); October 2008 ($5,840.89); and November 2008 ($4,156.26); liquidated damages on contributions for the work months of January 2008 ($870.52); February 2008 ($1,365.55); March 2008 ($1,093.27); September 2008 ($968.67); October 2008 ($1,168.18); November 2008 ($831.25) and attorney's fees in the amount of $5,000.00.

///

2. Judgment may be entered in this case in favor of the Plans and against the Company Defendant and Individual Defendant, jointly and severally, in the amount of $42,784.66 in delinquent employee benefit plan contributions, liquidated damages, attorney fees and costs, together with post-judgment interest thereon at the rate of 10% per annum as of the date of the Judgment.

3. The Company and Individual Defendant may satisfy the judgment by paying, and shall pay, the Plans the sum of $32,235.74 (25,938.30 in contributions plus $6,297.44 in lds) to be paid over time in the following installment schedule: twelve installments each in the amount of $2,161.53 to be paid over a twelve month period beginning January 20, 2009 and continuing on the 20th day of each successive month until December 1, 2009 and three additional installments each in the amount of $2,099.15 beginning on January 20, 2010 and continuing on the 1st day of each successive month until March 20, 2009. There will be an eye towards lessening the amount of liquidated damages if the company complies with the terms of this Stipulation. Each and every installment payment must be made by fully negotiable check or cashier's check payable to the "Sheet Metal Workers Trust Funds," and must be received on the due dates stated above in the offices of the Sheet Metal Benefit Plan Administrative Corp., attention Tasi Hernandez, 111 N. Sepulveda Blvd., Ste. 100, Manhattan Beach, California 90266.

4. In the event the Company and Individual Defendant, and any of them, fail to comply with any of the provisions set forth in paragraphs 4 or 7 above, or any other provision of this Stipulation, the entire amount of the judgment, less any payments actually received at the time of such default, shall become immediately due and payable to the Plans from the Company and Individual Defendant, plus interest on such unpaid amounts at the annual rate of twelve percent (12%).

1  5. This Court may retain jurisdiction over this matter through May 2010 (two months after installment payments end), to enforce the terms of any judgment entered hereunder, to order appropriate injunctive and equitable relief, to make appropriate orders of contempt, and to increase the amount of judgment based upon additional sums owed to the Plans by defendants.  Supplemental judgments may be entered in this action against the Company and Individual Defendant and in favor of the Plans for such sums as may be determined by the Plans and established upon application to the Court by declaration and noticed motion.

6. The Plans shall have the right, upon twenty (20) days reasonable request made in writing, to audit or examine any books or records relating to the financial condition of the Company to ensure compliance with the terms of this Stipulation.

///

///

///

///

///

///

///

///

///

///

///

///

7. In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

**IT IS SO ORDERED.**

Dated: February 9, 2009   _____
              Hon. Christina A. Snyder